

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 09 CV 1056 |
| JOHN M. MARSHALL, STEPHEN Z. ADAMS BROOKSHIRE RAW MATERIALS GROUP, INC., BROOKSHIRE AND COMPANY, LTD. And BROOKSHIRE RAW MATERIALS MANAGEMENT, LLC, | ) ) ) ) ) ) ) | Judge Amy St. Eve |
| Defendants. | ) ) | |
| and | ) ) | |
| BROOKSHIRE RAW MATERIALS GROUP TRUST, | ) ) ) | |
| Relief Defendant. | ) | |

## CONSENT ORDER FOR DISGORGEMENT, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS

### I. INTRODUCTION

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), has filed a Complaint against defendants John M. Marshall, Stephen Z. Adams, Brookshire Raw Materials Management, LLC, Brookshire Raw Materials Group, Inc., and Brookshire and Company, Ltd. (hereinafter referred to collectively as "Defendants") and relief defendant Brookshire Raw Materials Group Trust ("Trust"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC

1

Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat.1651 (enacted June 18, 2008), and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2008). (Dkt. #1). On February 19, 2009, the same day, this Honorable Court entered an *Ex Parte* Statutory Restraining Order against the Defendants that imposed an asset freeze and prohibited the Defendants from destroying any documents. (Dkt. #15). On April 13, 2009, this Honorable Court entered a Consent Order for Preliminary Injunction against the Defendants, maintaining with certain modifications the asset freeze against Defendants ordered by the Court on February 19, 2009, and further, prohibiting Defendants from violating the Act and Regulations, as charged in the Complaint. (Dkt. #42-2). On February 23, 2010, this Honorable Court entered a Consent Order for Permanent Injunction and Other Equitable Relief against Defendants ("Consent Order for Permanent Injunction"), which resolved the liability portion of this case. (Dkt. #77).

## II.  CONSENTS AND AGREEMENTS

To resolve the remaining issues of necessary statutory and equitable relief regarding disgorgement and civil monetary penalties in this case (as provided for in paragraph 26 of Section IV of the Consent Order for Permanent Injunction), without any further judicial proceedings, Defendants hereby:

1. Consent to the entry of this Consent Order for Disgorgement, Civil Monetary Penalty and Other Equitable Relief ("Order");

2. Affirm that they have agreed to this Order voluntarily, and that no threat, or promise, other than as specifically contained herein, has been made by the CFTC or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Order;

3. Waive:

a) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1 et seq. (2010), relating to or arising from this action;

b) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to or arising from this action;

c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

d) any and all rights of appeal from this action;

4. Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegations in the Complaint, or findings in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order are without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) rights to take legal positions in other proceedings to which the CFTC is not a party. The Defendants shall undertake all steps necessary to ensure that all of their agents and/or employees under their authority or control understand and comply with this agreement.

5. Consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and the Consent Order for Permanent Injunction and for any other purpose relevant to this case, even if they now or in the future reside or operate outside the jurisdiction;

6. Agree that no provision in this Order shall in any way affect Defendants' obligation to comply with or otherwise modify Consent Order for Permanent Injunction; and

7. Agree that no provision of this Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

### III. STIPULATION

All of the Findings, Terms, Conditions and Conclusions contained in the Consent Order for Permanent Injunction are incorporated herein by reference and given preclusive effect as provided in Section V. (Miscellaneous Provisions) of the Consent Order for Permanent Injunction.

### IV. DISGORGEMENT and CIVIL MONETARY PENALTY

**IT IS HEREBY ORDERED** that Defendants shall comply fully with the following terms, conditions and obligations relating to the payment of disgorgement and civil monetary penalty:

**A. Disgorgement**

1. Defendants shall pay, jointly and severally, disgorgement to the Trust pool participants in the amount of $6,347,354.05, plus post-judgment interest (the "Disgorgement Obligation"). Post judgment interest shall accrue on the Disgorgement Obligation commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2. To effect payment of the Disgorgement Obligation and the distribution of any disgorgement payments to Trust pool participants, the court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect disgorgement payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an

4

officer of the Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

3. Defendants shall make any required disgorgement payments under this Order to the Monitor in the name of the "Brookshire Raw Materials Group Trust Settlement Fund" and shall send such disgorgement payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover of a letter that identifies the Defendant or Defendants as the payer, the case name, docket number, and the name of this Court. The paying Defendant or Defendants shall simultaneously transmit copies of the cover letter and form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

4. The Monitor shall distribute disgorgement payments to Trust pool participants in an equitable manner as determined by the Monitor. The Monitor shall oversee the distribution of funds of the Disgorgement Obligation and shall have the discretion to defer distribution until such time as it may deem appropriate. In the event that the amount of disgorgement payments made to the Monitor are of a *de minimis* nature, such that the Monitor determines that the administrative costs of the making a distribution to pool participants is impractical, the Monitor may, in its discretion, treat such disgorgement payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for the civil monetary penalty obligation as set forth below in paragraph 5 of Section IV.

5. To the extent that any funds accrue to the U.S. Treasury as a result of Defendants' Disgorgement Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in the preceding paragraph.

6. <u>Frozen Assets</u>: Upon being served with copies of this Order by the CFTC, after entry by the Court, the provision of the Court's Consent Order for Permanent Injunction entered against the Defendants continuing a freeze on their assets shall no longer be in effect and the financial institutions and other entities holding frozen funds or other property previously controlled by Defendants shall tender same to the Monitor, as referenced in paragraph 2 of Section IV herein. Such funds shall be distributed to Brookshire Raw Materials Group Trust pool participants in accordance with the disgorgement plan outlined in Attachment A to this Order. At no time during the liquidation, release, and/or wire transfer of these funds pursuant to this Order shall John M. Marshall or Stephen Z. Adams be afforded any access to, or be provided with, any funds from these accounts. John M. Marshall and Stephen Z. Adams, and all banks and financial institutions subject to this Order, shall cooperate fully and expeditiously with the CFTC and the Monitor in the liquidation, release, and wire of these funds.

B. **Civil Monetary Penalty**

7. Defendants shall pay, jointly and severally, a civil monetary penalty of $9,521,031.08, plus post-judgment interest (the "CMP Obligation"). Post judgment interest shall accrue on the CMP Obligation commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961. Defendants shall pay such civil monetary penalty by electronic funds transfer, or by U.S. Postal money order, certified check, bank cashier's check, or bank money order, made payable to:

>Commodity Futures Trading Commission
>Division of Enforcement
>Attn: Marie Bateman – AMZ-300
>DOT/FAA/MMAC
>6500 S. MacArthur Blvd.
>Oklahoma City, Oklahoma 73169
>Telephone: 405-954-6569

8. If payment is to be made by electronic funds transfer, any paying Defendant or Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. The paying Defendant or Defendants shall accompany payment of the penalty with a cover letter that identifies the paying Defendant or Defendants and the name and docket number of the proceedings. The paying Defendant or Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

**C.     Priority of Monetary Sanctions, Partial Payments, and Collateral Agreements**

9. <u>Priority of Monetary Sanctions</u>: All payments by Defendant or Defendants pursuant to this Order shall first be applied to satisfaction of the Disgorgement Obligation, as referenced in paragraph 1 of Section IV herein. After satisfaction of the Disgorgement Obligation, payments by Defendant or Defendants pursuant to this Order shall be applied to satisfy the CMP Obligation.

10. <u>Partial Payments</u>: Any acceptance by the Commission and/or Monitor of partial payment of Defendants' Disgorgement Obligation and/or Defendants' CMP Obligation shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to compel payment of any remaining balance.

11. <u>Collateral Agreements</u>: Defendants shall immediately notify the Commission and Monitor if they make or have previously made any agreement with any Trust pool participant obligating them to make payments outside this Order. They shall also provide immediate evidence to the Commission and the Monitor of any payments made pursuant to such agreement. Upon being notified of any payments by Defendants to Trust pool participants outside of this Order, and receiving evidence of such payments, the Monitor will have the right, but not the obligation, to reduce and offset the distribution of funds from the Disgorgement Obligation to those specified Trust pool participant(s) and to make any other changes in the disgorgement distribution schedule that they Monitor shall deem appropriate.

## V. MISCELLANEOUS PROVISIONS

**IT IS FURTHER ORDERED THAT:**

1. Any amount paid to one of Brookshire Raw Materials Group Trust's pool participants pursuant to this Order shall not limit the ability of that customer to independently prove in a separate action that a greater amount is owed from any person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under federal, state, or common law to assert a claim for recovery against Defendants subject to any offset or credit that Defendants may be entitled to claim under the law governing that customer's claim. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer identified in Attachment A of this Order is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the disgorgement amount that has not been paid, to ensure compliance with any provision of this Order, and to hold Defendants in contempt for any violations of any provision of this Order.

8

2. Notices: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested and shall reference the name and docket number of this action, as follows:

    a. Notice to Commission:
Regional Counsel
Division of Enforcement - Central Region
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

    b. Notice to the Monitor:
Vice President, Compliance
National Futures Association
300 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606

    c. Notice to John M. Marshall:
John M. Marshall
65 Sneath Road
Bolton, ON L7E 5

    d. Notice to Stephen Z. Adams:
Howard J. Swibel
Richard K. Hellerman
Arnstein & Lehr LLP
120 S. Riverside Plaza
Chicago, IL 60661

    e. Notice to Corporate Defendants Brookshire Raw Materials Management, LLC, Brookshire Raw Materials Group, Inc., Brookshire and Company, Ltd. and Relief Defendant, Brookshire Raw Materials Group Trust Materials Group Trust:

        c/o

        John M. Marshall
65 Sneath Road
Bolton, ON L7E 5

and

        Stephen Z. Adams
665 Wagg Road, Rr4
Uxbridge, Ontario

L9P 1R4

3. <u>Change of Address/Phone</u>: In the event that any John M. Marshall or Stephen Z. Adams change their telephone number(s) and/or address(es) at any time, they shall provide written notice of the new number(s) and/or address(es) to the CFTC within ten (10) calendar days thereof.

4. <u>Entire Agreement and Amendments</u>: This Order in combination with the Consent Order for Permanent Injunction incorporates all of the terms and conditions of the settlement among the Parties hereto to date. Nothing shall serve to amend or modify these orders in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all Parties hereto; and (c) approved by order of this Court.

5. <u>Invalidation</u>: If any provision of this Order or if the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

6. <u>Waiver</u>: The failure of any Party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such Party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

7. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action, including any motion by a Party to modify or for relief from the terms of this Order.

8. <u>Authority</u>: John M. Marshall and Stephen Adams are authorized, empowered, and directed to sign and submit this Order on behalf of Brookshire Raw Materials Management, LLC, Brookshire Raw Materials Group, Inc., and Brookshire and Company, Ltd. and the Trust.

9. <u>Counterparts and Facsimile Execution</u>: This Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the Parties and delivered (by e-mail, facsimile or otherwise) to the other Party, it being understood that all Parties need not sign the same counterpart. Any counterpart or other signature to this agreement that is delivered by e-mail, facsimile or otherwise shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order for Disgorgement, Civil Monetary Penalty and Other Equitable Relief.

**IT IS SO ORDERED** on this 9th day of March, 2011.

_____
The Honorable Judge Amy St. Eve
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF ILLINOIS**

**CONSENTED TO AND APPROVED BY:**

*Attorneys for*
*Stephen Z. Adams*
*Brookshire Raw Materials*
*Management, LLC,*
*Brookshire Raw Materials Group, Inc.*
*Brookshire and Company, Ltd. and*
*Relief Defendant, Brookshire Raw*
*Materials Group Trust*

*Attorneys for*
*Commodity Futures Trading*
*Commission*

---

Howard J. Swibel
Richard K. Hellerman
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100

Elizabeth Streit
Brigitte Weyls
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, IL 60661
(312) 596-0700

John M. Marshall, Individually
and on behalf of Brookshire Raw
Materials Management, LLC,
Brookshire Raw Materials Group, Inc.
Brookshire and Company, Ltd. and
Relief Defendant, Brookshire Raw
Materials Group Trust

Stephen Adams, Individually
and on behalf of Brookshire Raw
Materials Management, LLC,
Brookshire Raw Materials Group, Inc.
Brookshire and Company, Ltd. and
Relief Defendant, Brookshire Raw
Materials Group Trust

---

John M. Marshall
65 Sneath Road
Bolton, Ontario
L7E 5
Canada

Stephen Z. Adams
665 Wagg Road, Rr4
Uxbridge, Ontario
L9P 1R4
Canada

**CONSENTED TO AND APPROVED BY:**

*Attorneys for*
*Stephen Z. Adams*
*Brookshire Raw Materials*
*Management, LLC,*
*Brookshire Raw Materials Group, Inc.*
*Brookshire and Company, Ltd. and*
*Relief Defendant, Brookshire Raw*
*Materials Group Trust*

*/s/ Howard J. Swibel*

Howard J. Swibel
Richard K. Hellerman
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100


John M. Marshall, Individually
and on behalf of Brookshire Raw
Materials Management, LLC,
Brookshire Raw Materials Group, Inc.
Brookshire and Company, Ltd. and
Relief Defendant, Brookshire Raw
Materials Group Trust


_____
John M. Marshall
65 Sneath Road
Bolton, Ontario
L7E 5
Canada

*Attorneys for*
*Commodity Futures Trading*
*Commission*

*/s/ Elizabeth Streit*

Elizabeth Streit
Brigitte Weyls
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, IL 60661
(312) 596-0700


Stephen Adams, Individually
and on behalf of Brookshire Raw
Materials Management, LLC,
Brookshire Raw Materials Group, Inc.
Brookshire and Company, Ltd. and
Relief Defendant, Brookshire Raw
Materials Group Trust

*/s/ Stephen Z. Adams*

Stephen Z. Adams
665 Wagg Road, Rr4
Uxbridge, Ontario
L9P 1R4
Canada

**CONSENTED TO AND APPROVED BY:**

*Attorneys for*
*Stephen Z. Adams*
*Brookshire Raw Materials*
*Management, LLC,*
*Brookshire Raw Materials Group, Inc.*
*Brookshire and Company, Ltd. and*
*Relief Defendant, Brookshire Raw*
*Materials Group Trust*

*Attorneys for*
*Commodity Futures Trading*
*Commission*

_____
Howard J. Swibel
Richard K. Hellerman
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100

_____
Elizabeth Streit
Brigitte Weyls
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, IL 60661
(312) 596-0700

John M. Marshall, Individually
and on behalf of Brookshire Raw
Materials Management, LLC,
Brookshire Raw Materials Group, Inc.
Brookshire and Company, Ltd. and
Relief Defendant, Brookshire Raw
Materials Group Trust

Stephen Adams, Individually
and on behalf of Brookshire Raw
Materials Management, LLC,
Brookshire Raw Materials Group, Inc.
Brookshire and Company, Ltd. and
Relief Defendant, Brookshire Raw
Materials Group Trust

_____
John M. Marshall
65 Sneath Road
Bolton, Ontario
L7E 0B9
Canada

_____
Stephen Z. Adams
665 Wagg Road, Rr4
Uxbridge, Ontario
L9P 1R4
Canada